UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-93-BR

| | | |
|---|---|---|
| ROSEANN FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (DE # 9.) Plaintiff did not file a response in opposition to the motion, and the time within which to do so has expired.

Plaintiff contends that the United States is liable under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for injuries that she sustained on 30 May 2013 when shopping at the Fort Bragg Commissary ("Commissary") in Fort Bragg, North Carolina. (Compl., ¶¶ 1, 7, 11.) Plaintiff, who was walking in the frozen food section of the Commissary, slipped on liquid present on the floor and fell. (Id., ¶ 11.)

At the time of plaintiff's injury, the government had entered into a contract with Q Services & Technologies, Inc. ("QST"), which required QST to "furnish all personnel, supervision, supplies, equipment, tools, materials and other items and services as necessary to perform shelf stocking, receiving/storage/holding area (RSHA), and custodial tasks" at the

Commissary. (Hawthorne Decl., DE # 11-1, ¶¶ 3, 10; id., Attach. A, DE # 11-2, ¶ C-1.1.1.)[1]
Among other custodial duties, QST was responsible for floor maintenance, which included "picking up . . . spills, food residue, and other debris from floor areas." (Id., Attach. A, DE # 11-2, Ex. 4-5, ¶ 2.5.) Under the terms of the contract, "[w]hen [QST] personnel find an unclean or unsafe condition [on the floor], they shall take whatever action may be necessary to clean up or remove the condition without notification by the Government." (Id., ¶ C-4.6.2.1.3.) In addition, the contract required QST to provide an onsite program manager who would be present and "act with full authority for [QST] on all contract matters relating to the daily operation of this contract." (Id., ¶ C-1.3.2.1.). The contract also required that QST comply with all Occupational Safety and Health Acts, Department of Defense, Defense Commissary Agency, and installation safety regulations. (Id., ¶ C-1.3.15.)

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). However, the FTCA grants federal district courts jurisdiction over certain civil actions or claims against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Thus, "the FTCA . . . provides for a limited waiver of the United States' sovereign immunity[.]" Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

While the FTCA operates as a waiver of the government's sovereign immunity for the acts or omissions of agents or employees of the United States, it does not do so for acts or

---

[1] Because the court's subject matter jurisdiction is being challenged, the court may consider exhibits beyond the pleadings. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

omissions of independent contractors. Id. Therefore, the court must determine whether QST acted as an independent contractor or as an agent or employee of the United States. Key in making this determination is the contract between the contractor, here QST, and the United States. See id. "Independent contractors [are] not servants or agents of the United States if the United States lack[s the] authority 'to control the detailed physical performance of the contractor.'" Id. at 306 (quoting Logue v. United States, 412 U.S. 521, 528 (1973)). Further, the United States is not liable "unless the United States actually supervises the 'day-to-day operations' of the endeavor[.]" Id. (quoting Logue, 412 U.S. at 529).

In the present case, the contract between QST and the government establishes that QST would be responsible for the custodial operations at the Commissary, including floor maintenance and the duty to clean up spills on the floor. QST remained responsible for the daily operation of the contract. In light of these specifications, the court finds no evidence to suggest that the government supervised the day-to-day custodial operations performed by QST.

Although the contract required QST to comply with various regulations, the government may set conditions to implement a contract's objective without exercising day-to-day control over the operations at issue. See Williams, 50 F.3d at 306-07 (finding contract which detailed specific maintenance and custodial tasks and required compliance with federal standards did not render the contractor an agent or employee of the United States); Berkman v. United States, 957 F.2d 108, 113-14 (4th Cir. 1992) (finding that the United States was not liable by application of the independent contractor exception even though the United States had the right to inspect the contractor's work and approve the contractor's work schedule). Without government control or supervision over QST's custodial operations, QST acted as an independent contractor, not an

3

agent or employee of the United States. Consequently, the United States cannot be held liable for the alleged tortious conduct of QST.

The motion to dismiss is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

This 14 June 2016.

_____
W. Earl Britt
Senior U.S. District Judge